# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Donald Lee Taylor,**
**Petitioner Below, Petitioner**

**FILED**

April 19, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 12-0475** (Randolph County 12-C-6)

**Marvin Plumley, Warden, Huttonsville Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Donald Lee Taylor, *pro se*, appeals the order of the Circuit Court of Randolph County, entered March 16, 2012, denying his petition for a writ of habeas corpus in which he challenged his conviction on a prison disciplinary violation. The respondent warden,[1] by John H. Boothroyd, his attorney, filed a summary response to which petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is an inmate at Huttonsville Correctional Center. Petitioner is currently serving a sentence of life with the possibility of parole for first degree murder. On or about November 2, 2011, petitioner was charged with a disciplinary rule violation under Rule 1.19(2) of Division of Corrections Policy Directive 325.00 which provides that "[n]o inmate shall use, possess, or consume any prescription drug, or medication not specifically prescribed for that inmate or in a manner not consistent with the prescription or the directions of the medical staff."

In the case at bar, a staff nurse at Huttonsville Correctional Center observed petitioner switch cups of medication with another inmate during a pill call. Petitioner was issued a written violation report charging him with the use and/or possession of drugs and intoxicants.

As a result of the violation report, a disciplinary hearing occurred on November 16, 2011. Petitioner was present with an inmate representative. Petition attempted to call the correctional

---

[1] Pursuant to Rule 41(c) of the West Virginia Revised Rules of Appellate Procedure, the name of the current public officer has been substituted as the respondent in this action.

1

officer who also was at the pill call as a witness, but the hearing officer stated that the officer was unavailable because he was on an approved leave. The hearing officer further stated that the hearing could not be continued because that would move the hearing beyond the allowable timeframe. The hearing officer allowed petitioner to proffer what the officer would have testified, which was that he searched petitioner and did not find anything.

The nurse who saw petitioner switch medications testified at the disciplinary hearing and confirmed that the two inmates exchanged pill cups. On cross examination, the nurse testified "it was possible" that it could have been the other inmate who dropped the drugs on the floor.[2] However, the nurse repeatedly said what she saw happen was petitioner and the other inmate switching medications.[3] Following the hearing, the hearing officer found petitioner guilty of the disciplinary violation. Petitioner was sentenced to punitive segregation with the loss of all privileges for a period of sixty days from November 1, 2011, to December 31, 2011.

On January 4, 2012, petitioner filed a petition for a writ of habeas corpus challenging his disciplinary conviction because the hearing was unfair and the conviction denied him his liberty interest in being paroled.[4] The circuit court directed the respondent warden to file an answer to the petition. On February 24, 2012, the respondent warden filed a consolidated response and motion to dismiss.

The circuit court denied the petition in an order entered March 16, 2012. The circuit court ruled as follows:

> The Court FINDS that the Petitioner's Petition for Writ of Habeas Corpus and accompanying documentation does not make an initial showing of a liberty or [a] property interest at stake. The Petitioner alludes to the fact that the disciplinary proceeding affected his parole eligibility. There is no support for such claim on the record in this matter. The Court also FINDS that the Petitioner did not make a showing of actual atypical or significant hardship, that of which would trigger a review for constitutional violations, by this Court. In fact, a review of all the documents and exhibits in this case indicate that the Petitioner's constitutional rights were preserved.

---

[2] Crushed drugs were found on the floor. The other inmate took his medication in crushed form.

[3] Two copies of the audio recording of petitioner's disciplinary hearing are in the record. The Court has listened to them both.

[4] In 2012, the West Virginia Parole Board denied petitioner parole because, *inter alia*, he had four disciplinary violations during the previous year. *See also State ex rel. Donald Lee Taylor v. Marvin Plumley, Warden, Huttonsville Correctional Center*, No. 11-1565 (W.Va. Supreme Court November 19, 2012) (memorandum decision) (affirming the denial of a habeas petition in which petitioner challenged three disciplinary convictions).

Additionally, the Court notes that even if the Petitioner did show this Court that a constitutional right had been violated, this Court finds ample evidence in the pleadings and exhibits to indicate that the Petitioner's due process rights were adequately protected during the disciplinary proceeding in this matter.

\*     \*     \*

The decision of the neutral panel [hearing officer] passes constitutional muster for review of evidence under the "some evidence," standard outlined in *Snider v. Fox*, 218 W.Va. 663[, 627 S.E.2d 353] (2006). A clear showing was made in the disciplinary hearing that the Petitioner violated Rule 1.19-2. The Court listened to the entirety of the disciplinary hearing and finds that there was evidence placed on the record to support a finding that the Petitioner should be subject to discipline.

We review a circuit court's denial of a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner asserts that he was not guilty of having drugs or intoxicants and that the hearing officer was not impartial. Petitioner asserts that he should have been allowed to call the correctional officer who was at the pill call on the day in question as a witness. Petitioner argues that he currently has his parole at stake, which is a substantial liberty interest. Petitioner argues that the instant disciplinary conviction should be expunged from his record.

The respondent warden argues that while an inmate has a right to be considered for parole, there is no right to be paroled. The respondent warden asserts that petitioner failed to show any liberty or property interest sufficient to trigger due process protections. The respondent warden asserts that nothing in the record suggests that the hearing officer did not accept petitioner's proffer of what the correctional officer's testimony would have been. The respondent warden asserts that the only reason petitioner says the hearing officer was biased was because the hearing officer viewed the evidence differently from him. The respondent warden argues that the circuit court correctly found that "some evidence" supported the hearing officer's finding that petitioner was guilty of the disciplinary violation. *See Snider*, 218 W.Va. at 667, 627 S.E.2d at 357 (The relevant question under the "some evidence" standard "is whether there is *any evidence* in the record that

3

could support the conclusion reached by the disciplinary board.") (internal quotations and citations omitted) (emphasis added).

This Court finds that the testimony of the staff nurse alone was sufficient to support the finding of a disciplinary violation. Therefore, after careful consideration, the Court concludes that the circuit court did not abuse its discretion in denying the petition.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Randolph County and affirm its order, entered March 16, 2012, denying petitioner's habeas petition challenging his disciplinary conviction.

Affirmed.

**ISSUED:** April 19, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II